THE HON. RICARDO MARTINEZ

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR17-149RSM |
|---|---|
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | June 1, 2018 |
| WIL CASEY FLOYD, | |
| Defendant. | |

Defendant, WIL CASEY FLOYD, by and through his attorney, Lawrence A. Hildes, hereby submits the following sentencing memorandum:

1. **FACTUAL BACKGROUND**

    **A. BACKGROUND AND INCIDENT**

Defendant Wil Casey Floyd is an Iraq combat veteran (infantry) who suffers from Post Traumatic Stress Disorder. In addition, Mr. Floyd has Asperger's Syndrome, which places him at the high end of the autism spectrum. Individuals with Asperger's tend to have difficulty with social relationships, difficulty communicating, and tend to obsess on one or two topics at any moment. (https://www.activebeat.co/your-health/6-things-to-know-about-aspergers-syndrome).

*CR17-149RSM -United States v. Floyd* –
Defendant's Sentencing Memorandum 1

LAWRENCE A. HILDES, WSBA#35035
P.O. BOX 5405, BELLINGHAM, WA 98227
(360) 595-4076
LHILDES@EARTHLINK.NET ATTORNEY
FOR DEFENDANT WILL FLOYD

He also suffered a pattern of physical abuse at the hands of his father who also \physically abused Defendant's mother and sexually abused Defendant's sisters, creating a strong need in Defendant to protect those close to him because he could not protect his sisters or his mother as a child.

Upon his return from Iraq, Defendant was angry about what he had observed there and also became quite concerned about police brutality. Plaintiff settled in the Seattle area and became involved socially and politically with a group of Anarchists, who were also concerned about police brutality. The U.S. Attorney's description of the "Anarchist Movement" is oxymoronic and highly inaccurate. Anarchism is a political ideology/philosophy that contains a broad range of tactics and beliefs. For example, there is a strong pacifist tendency within Anarchism (Dorothy Day and the Catholic Worker Movement). the court should not draw any conclusion from Plaintiff's brief association with an aspect of that philosophy, and he was and is entitled to Freedom of Association. In fact, he moved back to Wisconsin, and has no connection to any of the people involved or to any political activity or ideology any longer.

Mr. Floyd, as a veteran was deeply troubled and angered by news footage and other accounts of police attacking peaceful demonstrators. He knew that the police in Seattle had a history of attacking Mayday marches, and knew that his friends were intending to participate in a Mayday march (a tradition that goes back to the original Mayday Rally at Haymarket Square in Chicago in 1886 and which is celebrated worldwide as International Workers Day.

As a result, in a serious error in judgment, Mr. Floyd constructed several Molotov cocktails and brought them to the march. He had not formed an intent to use them and became increasingly uncomfortable with having them. He planned to throw them away during the course of the demonstration.

The Seattle Police Department attacked the march without provocation and physically drove the demonstrators out of downtown into SODO. They died

*CR17-149RSM -United States v. Floyd –*
Defendant's Sentencing Memorandum 2

LAWRENCE A. HILDES, WSBA#35035
P.O. BOX 5405, BELLINGHAM, WA 98227
(360) 595-4076
LHILDES@EARTHLINK.NET ATTORNEY FOR DEFENDANT WILL FLOYD

so with baton strikes, and a hail of concussion grenades, pepper balls, pepper spray and other less lethal munitions.

The attack triggered Defendant's PTSD and his need to protect his friends and then girlfriend who were being attacked and he threw unlit Molotov cocktails (so as not to burn anyone) in the direction of the police.
Despite the Government's claim that one of the cocktails ignited when it struck at the same time an officer unleashed a concussion grenade, the police report themselves note "no officer burned" with their description of the cocktails.

The Government has produced no footage of any one or anything burning, not medical reports, not affidavits, and Defendant did and does entirely dispute that claim and the accompanying four level upward adjustment. The Presentencing report fudges that issue, stating that Defendant threw the bottles "at" an officer not hit an officer, and equates that with Felony Assault 3. But Assault 3 Under Washington law requires actually striking an officer (**9A.36.031).**

Neither the King County Prosecutor's Office nor the Seattle City Attorney's Office has ever charged Defendant with any offense. Neither has the Government ever charged an assault herein. Other than the instant charge, Defendant's record is spotless.

### B. SUBSEQUENT HISTORY

This incident severely frightened and deeply troubled Defendant who then moved first to San Diego and then home to Wisconsin where his mother lives, gave up all political work, and sought and gained employment, and has lead a quiet life harming no one and violating no laws.

Defendant had never been arrested before, never accused of any crime, and since this incident has violated no laws, committed no crimes, harmed no one.

He has fully complied with every release condition, engaging in drug counseling, therapy, and psychiatric treatment, remaining employed, violating no

*CR17-149RSM -United States v. Floyd –*
Defendant's Sentencing Memorandum 3

LAWRENCE A. HILDES, WSBA#35035
P.O. BOX 5405, BELLINGHAM, WA 98227
(360) 595-4076
LHILDES@EARTHLINK.NET ATTORNEY FOR DEFENDANT WILL FLOYD

laws, using no drugs or alcohol, and taking his medications, and has developed a healthy support network of close friends and family. He has reported without fail to his appointments with his probation officer and cooperated fully with her. She stated, to Defendant and others, that she believed that probation, in her opinion, was the only appropriate sentence in this matter. As noted in the presentencing report, Defendant willingly appeared for his presentence interview and answered all questions asked of him fully and frankly.

To this memorandum, Defendant attaches several letters recommending his character and asking the court for leniency on his behalf from friends, family, and his boss all of them are people who are impressed by him, care deeply for him, and trust him.

They speak about his gentleness around people and animals, his trustworthiness, his good heart, and their deep concerns for his welfare and his for them. They talk about him taking responsibility or his actions and wanting to put this incident behind him and make a positive contribution in everything he does.

**C. INTERROGATION AND ARREST**

11 months after the Mayday incident, Defendant, on his way from San Diego home to Wisconsin was pulled off a plane by a SWAT team on the tarmac at Denver International Airport. He was driven, handcuffed in the back of a police car all the way into Denver, deliberately by the scene of a demonstration where the officers in the car with him made threatening statements about what they would like to do to demonstrators.

Defendant was then interrogated and threatened by a room full of FBI Agents and other officers and told he would not get to go home if he insisted on a lawyer or refused to give them names of other participants in the demonstration.

*CR17-149RSM -United States v. Floyd –*
Defendant's Sentencing Memorandum 4

LAWRENCE A. HILDES, WSBA#35035
P.O. BOX 5405, BELLINGHAM, WA 98227
(360) 595-4076
LHILDES@EARTHLINK.NET ATTORNEY FOR DEFENDANT WILL FLOYD

He, terrified and trying to please them, gave the name of his ex-girlfriend. He was then taken back to the airport and allowed to fly home. Three weeks later, he was arrested at his mother's home and again interrogated.

The FBI again demanded names for what, at most was a state criminal charge. He was then brought to Seattle for a bail hearing and released. The US Attorney attempted to reach an agreement with Defendant through the Federal Defender's Office for Defendant to inform in return for a possible unspecified downward departure if the government found the information useful. When Defendant fired the Federal Defender and hired current counsel because he felt coerced, new counsel, amidst much saber-rattling by the US Attorney, declined to reach such an agreement.

CBP and the FBI proceeded, at the direction of the US Attorney to interrogate a women they suspected of having been at the demonstration and received a court order for DNA samples of that woman and her boyfriend. Only when their DNA, and for that matter that of Defendant, failed to match any samples from the cocktails did the US Attorney drop the demand for names and ultimately agree to a maximum of 37 months.

## II. SENTENCING AND CALCULATION

**The Penalties.** Defendant understands that the statutory penalties for the offense of *Unlawful Possession of a Destructive Device*, as charged in Count 1, are as follows: imprisonment for up to ten (10) years, a fine of up to $10,000, a period of supervision following release from prison of up to three (3) years, and a special assessment of one hundred dollars ($100.00). If Defendant receives a sentence of probation, the probationary period could be up to five (5) years.

The US Attorney agreed to seek no more than 37 months, the Presentencing report recommends no more than 30.

*CR17-149RSM -United States v. Floyd –*
Defendant's Sentencing Memorandum 5

LAWRENCE A. HILDES, WSBA#35035
P.O. BOX 5405, BELLINGHAM, WA 98227
(360) 595-4076
LHILDES@EARTHLINK.NET ATTORNEY
FOR DEFENDANT WILL FLOYD

Defendant disputes the calculations of both the US Attorney and of the Presentencing Report. He agrees that the offense score is 18; has a previous offender score of 0. The Defense believes that assessing two penalties for the destructive device, which is, after all what he's charged with in the first place is excess, and that, as discussed, the four point upwards revision for the other crime committed is inaccurate and doesn't apply. That makes his score 20, not 26.

Defendant has pled guilty, apologizes for his actions and rhetoric, and they have no part in the way he lives his life now. He is and was deeply troubled about what he did and will never doing anything like that again. He is not an Anarchist (for what that means) and just focuses on work, treatment, meeting his obligations and being a good son, friend, brother, and community member. So, the reduction of three points does apply, reducing his score to 17.

That results in a potential sentence to 24-20 months.

There are, however, strong reasons for a downward departure from the Guidelines.

1) Defendant has mental health issues that would be severely exacerbated by incarceration (USSG 5H1.4 p.s.., and those mental health issues led to the incident, and Defendant is now engaged in productive treatment for them that would be interrupted. In addition, his Asperger's syndrome makes him a potential target/victim in prison.

2) Defendant is a military combat veteran, which again led to the incident, and he should receive a downward departure for his service and its relationship to the incident (USSG 5K1.1 p.s.).

3) Defendant is at essentially no risk to reoffend, is extremely penitent for what he did, and has taken every available concrete step to prevent any possibility of recommission: moving away, cutting ties with that community, engaging in counseling, psychiatric treatment, and

*CR17-149RSM -United States v. Floyd –*
Defendant's Sentencing Memorandum 6

LAWRENCE A. HILDES, WSBA#35035
P.O. BOX 5405, BELLINGHAM, WA 98227
(360) 595-4076
LHILDES@EARTHLINK.NET ATTORNEY
FOR DEFENDANT WILL FLOYD

substance abuse counseling, obtaining gainful employment, even giving up any political activity. He has learned his lesson and is in no way a threat to the community. In fact, he is an asset to family, friends, co-workers, and others whose lives he touches.

It would not serve the community here or there to have Defendant locked up, and he has already learned his lesson. Indeed, as his probation officer said, Probation is the only appropriate sentence.

The US Attorney attempts to get around Defendant's total turn around of his life and lack of threat by un leashing the parade of horribles about how "other anarchists" are following the case and would be comforted by Defendant's not receivinf prison time, but there is no justification for harming Defendant deter other "anarchists" THEORETICAL FUTURE ACTS. The fact that there is a group that has followed his case and offers support through the legal process for some arrestees does not in any way equate to a need to imprison Mr. Floyd There is no justice there.

2. The court is free to depart downward from the Sentencing Guidelines even significantly as long as its doing so is not a clear abuse of discretion. *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558 (2007).

Since the Supreme Court's Booker decision it has been " pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions." Gall, 552 U.S. at 46, 128 S.Ct. at 594; …That familiar standard " allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir.2004) (en banc) (quotation marks omitted) (quoting Rasbury v. I.R.S., 24 F.3d 159, 168 (11th Cir.1994)).

*CR17-149RSM -United States v. Floyd –* Defendant's Sentencing Memorandum 7

LAWRENCE A. HILDES, WSBA#35035
P.O. BOX 5405, BELLINGHAM, WA 98227
(360) 595-4076
LHILDES@EARTHLINK.NET ATTORNEY FOR DEFENDANT WILL FLOYD

*United States v. Irey*, 612 F.3d 1160, (Cir. 2010).

Given Defendant's character, the harm that would ensue, and the virtual impossibility of repetition. A downward departure to a sentence of probation without prison time is appropriate, warranted, and no abuse of discretion.

Respectfully Submitted

Dated: May 29, 2018

   /s/ LAWRENCE A. HILDES
LAWRENCE A. HILDES, WSBA# 35035
P.O. Box 5405, Bellingham, WA 98227
(360) 599-4339, lhildes@earthlink.net

Attorney for Defendant

*CR17-149RSM -United States v. Floyd –*
Defendant's Sentencing Memorandum 8

LAWRENCE A. HILDES, WSBA#35035
P.O. BOX 5405, BELLINGHAM, WA 98227
(360) 595-4076
LHILDES@EARTHLINK.NETATTORNEY FOR DEFENDANT WILL FLOYD

# PROOF OF SERVICE

Lawrence A. Hildes certifies as follows:

I am over the age of 18 years, and not a party to this action. I am a citizen of the United States.

My business address is P.O. Box 5405, Bellingham, WA 98227

On May 29, 2018, I served the following document(s) described as follows

Defendant's Sentencing Memorandum
on the following person(s) in this action at the following address(es):

**Todd.Greenberg4@usdoj.gov**

[X] By electronically filing and thus causing to be served on Counsel listed above

[X] (FEDERAL) I declare under penalty of perjury that I am a member of the BAR of this court, and that the above information is true and correct.

Executed on May 29, 2018, at Bellingham, Washington.

\_\_\_\_/S/\_\_\_\_LAWRENCE A. HILDES_____
Lawrence A. Hildes, WSBA #35035

*CR17-149RSM -United States v. Floyd –*

Defendant's Sentencing Memorandum 9

LAWRENCE A. HILDES, WSBA#35035
P.O. BOX 5405, BELLINGHAM, WA 98227
(360) 595-4076
LHILDES@EARTHLINK.NET ATTORNEY FOR DEFENDANT WILL FLOYD